THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 8:08CV271 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| THE STATE OF NEBRASKA; DAVE HEINEMAN, Governor of the State of Nebraska, in his official capacity only; CHRISTINE PETERSON, Chief Executive Officer, Nebraska Department of Health and Human Services, in her official capacity only; JOHN WYVILL, Director, Division of Developmental Disabilities, Nebraska Department of Health and Human Services, in his official capacity only; RON STEGEMANN, Chief Executive Officer, Beatrice State Developmental Center, in his official capacity only, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

    This case was closed after judgment was entered pursuant to a settlement agreement between the parties (filing 10). An order related to the settlement agreement states that "the undersigned retains continuing jurisdiction over this case and the parties to construe and enforce the settlement agreement." (Filing 9, at 2.)

    The parties' settlement agreement (filing 10) provides that "John J. McGee, Ph.D., shall be appointed as the Independent Expert to monitor the State's implementation of this Settlement Agreement," and that Dr. McGee "shall submit monthly statements to the Court . . . detailing all expenses the Independent Expert

incurred during the prior month." (Filing 10, at 4-5.) The agreement also permits payment to consultants who assist the independent expert.[1] The agreement allows parties seven business days from receipt of the independent expert's monthly statements to file any comments or objections regarding the statements. (Filing 10, at 6.) After such comments or objections are submitted, the court is to review the matter and "order the clerk to make the appropriate payments" to the independent expert.

On February 26, 2009, independent expert John J. McGee, Ph.D., filed a motion (filing 21) for reimbursement in the amount of $40,492.86 for consulting services rendered by the Macomb-Oakland Regional Center (filing 21, at CM/ECF pp. 1-12); $9,600.00 for consulting services provided by John Williams (filing 21, at CM/ECF pp. 13-18); and $16,285.76 for consultation by Life Project Consulting, LLC (filing 21, at CM/ECF pp. 21-38). Further, on March 10, 2009, independent expert Dr. McGee filed an activity and expense report requesting $12,877.83 for his own services rendered in February 2009 (filing 23).

As no objections or comments regarding any of the above reimbursement requests were filed, I shall order that payment be made to the Macomb-Oakland Regional Center, John Williams, Life Project Consulting, LLC, and John J. McGee, Ph.D., for professional services and expenses in the amounts requested pursuant to the terms of the settlement agreement.

Accordingly,

---

[1]"The cost of the Independent Expert, including the cost of any consultant to assist the Independent Expert, shall be borne by the State in this action. All reasonable expenses incurred by . . . any consultant, in the course of the performance of the duties of the Independent Expert . . . shall be reimbursed by the State." (Filing 10, at 5.)

IT IS ORDERED:

1. The motions for reimbursement (filings 21 & 23) are granted, and within 10 days of the date of this order, the Clerk of the United States District Court for the District of Nebraska shall disburse funds for the consulting services and expenses of the Macomb-Oakland Regional Center in the amount of $40,492.86; John Williams in the amount of $9,600.00; and Life Project Consulting, LLC, in the amount of $16,285.76. Further, the Clerk of Court shall disburse to independent expert John J. McGee, Ph.D., the amount of $12,877.83 for professional services and expenses for February 2009.

2. Such funds shall be paid from the interest-bearing account set up by the Clerk of Court pursuant to this court's prior order (filing 9).

3. As provided in this court's prior order (filing 9), the "Clerk is authorized to deduct from any monies deposited with the Clerk a fee of 10% of the interest earned each time funds are disbursed."

4. As provided in the parties' settlement agreement (filing 10, at 6), and within 45 days of the date of this order, the defendants shall replenish the above-described interest-bearing account with the full amount paid by the Clerk of Court to independent expert John J. McGee, Ph.D., and other consultants in order to restore the account's total to $100,000.00.

March 24, 2009.

BY THE COURT:
s/ *Richard G. Kopf*
United States District Judge