THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 8:08CV271 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| THE STATE OF NEBRASKA; DAVE HEINEMAN, Governor of the State of Nebraska, in his official capacity only; CHRISTINE PETERSON, Chief Executive Officer, Nebraska Department of Health and Human Services, in her official capacity only; JOHN WYVILL, Director, Division of Developmental Disabilities, Nebraska Department of Health and Human Services, in his official capacity only; RON STEGEMANN, Chief Executive Officer, Beatrice State Developmental Center, in his official capacity only, | ) | |
| | ) | |
| Defendants. | ) | |

    This case was closed after judgment was entered pursuant to a settlement agreement between the parties (filing 10).  An order related to the settlement agreement states that "the undersigned retains continuing jurisdiction over this case and the parties to construe and enforce the settlement agreement."  (Filing 9, at 2.)

    The parties' settlement agreement (filing 10) provides that "John J. McGee, Ph.D., shall be appointed as the Independent Expert to monitor the State's implementation of this Settlement Agreement," and that Dr. McGee "shall submit monthly statements to the Court . . . detailing all expenses the Independent Expert

incurred during the prior month." (Filing 10, at 4-5.) The agreement also permits payment to consultants who assist the independent expert.[1] The agreement allows parties seven business days from receipt of the independent expert's monthly statements to file any comments or objections regarding the statements. (Filing 10, at 6.) After such comments or objections are submitted, the court is to review the matter and "order the clerk to make the appropriate payments" to the independent expert.

On March 24, 2010, independent expert John J. McGee, Ph.D., filed several motions for reimbursement for professional services and expenses incurred by various consultants. (Filings 49, 50, 51, 52, 53, 54.) The State of Nebraska has filed objections to portions of Dr. McGee's reimbursement requests, primarily based on the failure to provide supporting documentation, such as receipts. (Filing 55.)

Before determining the appropriate payments to be made to the independent expert, I shall grant Dr. McGee time to submit additional documentation supporting his requests. Specifically, Dr. McGee should file with the court the documentation characterized as insufficient in the State's objection, if such documentation is available. (Filing 55.)

Accordingly,

IT IS ORDERED:

1. On or before April 28, 2010, independent expert John J. McGee, Ph.D.,

---

[1] "The cost of the Independent Expert, including the cost of any consultant to assist the Independent Expert, shall be borne by the State in this action. All reasonable expenses incurred by . . . any consultant, in the course of the performance of the duties of the Independent Expert . . . shall be reimbursed by the State." (Filing 10, at 5.)

shall file with the court additional documentation supporting his requests for reimbursement. Specifically, Dr. McGee should file the documentation characterized as insufficient in the State's objection to Dr. McGee's reimbursement requests, if such documentation is available. (Filing 55.)

    2.    The motions for reimbursement (filings 49, 50, 51, 52, 53, 54) filed by independent expert John J. McGee, Ph.D., shall be held in abeyance until April 29, 2010, at which time the motions shall be deemed submitted for disposition.

DATED this 13th day of April, 2010.

BY THE COURT:
*Richard G. Kopf*
United States District Judge

3