THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 8:08CV271 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| THE STATE OF NEBRASKA; | ) | |
| DAVE HEINEMAN, Governor | ) | |
| of the State of Nebraska, in his | ) | |
| official capacity only; CHRISTINE | ) | |
| PETERSON, Chief Executive | ) | |
| Officer, Nebraska Department | ) | |
| of Health and Human Services, | ) | |
| in her official capacity only; JOHN | ) | |
| WYVILL, Director, Division of | ) | |
| Developmental Disabilities, | ) | |
| Nebraska Department of Health | ) | |
| and Human Services, in his official | ) | |
| capacity only; RON STEGEMANN, | ) | |
| Chief Executive Officer, Beatrice | ) | |
| State Developmental Center, in his | ) | |
| official capacity only, | ) | |
| | ) | |
| Defendants. | ) | |

This case was closed after judgment was entered pursuant to a settlement agreement between the parties (filing 10). An order related to the settlement agreement states that "the undersigned retains continuing jurisdiction over this case and the parties to construe and enforce the settlement agreement." (Filing 9, at 2.)

The parties' settlement agreement (filing 10) provides for the appointment of an independent expert "to monitor the State's implementation of this Settlement Agreement." The parties originally appointed John J. McGee, Ph.D., as the independent expert, and Dr. McGee served in that capacity from July 2008 to December 2009. However, on December 22, 2009, the parties filed with the court a

joint notice of the resignation of Dr. McGee, effective December 31, 2009. The notice stated that the parties "have jointly selected Maria E. Laurence to assume the role of the Independent Expert in this case once Dr. McGee's term ends." ([Filing 48](Filing 48).)

The settlement agreement requires the expert to "submit monthly statements to the Court . . . detailing all expenses the Independent Expert incurred during the prior month." ([Filing 10](Filing 10), at 4-5.) The agreement permits payment to consultants who assist the independent expert[1] and allows parties seven business days from receipt of the independent expert's monthly statements to file any comments or objections regarding the statements. ([Filing 10](Filing 10), at 6.) After such comments or objections are submitted, the court is to review the matter and "order the clerk to make the appropriate payments" to the independent expert.

On November 28, 2011, independent expert Maria Laurence filed a motion for reimbursement for professional services and expenses in the amount of **$79,287.37** for services provided from September 1, 2011, to October 31, 2011. ([Filing 89](Filing 89).) As no objections or comments regarding this reimbursement request were filed, I shall order that payment be made to Maria Laurence for professional services and expenses in the amount requested pursuant to the terms of the settlement agreement.

Accordingly,

IT IS ORDERED:

1.     The motion for reimbursement ([filing 89](filing 89)) is granted, and the Clerk of the United States District Court for the District of Nebraska shall disburse funds for the consulting services and expenses of independent expert Maria Laurence in the amount

---

[1]"The cost of the Independent Expert, including the cost of any consultant to assist the Independent Expert, shall be borne by the State in this action. All reasonable expenses incurred by . . . any consultant, in the course of the performance of the duties of the Independent Expert . . . shall be reimbursed by the State." ([Filing 10](Filing 10), at 5.)

of **$79,287.37** for services provided from September 1, 2011, to October 31, 2011.

2.      Such funds shall be paid from the interest-bearing account set up by the Clerk of Court pursuant to this court's prior order  (filing 9).

3.      The Clerk of Court shall disburse such funds as soon as practicable; that is, on the date that the interest-bearing account has been sufficiently replenished by the defendants to allow payment of the full amount.

4.      As provided in this court's prior order (filing 9), the "Clerk is authorized to deduct from any monies deposited with the Clerk a fee of 10% of the interest earned each time funds are disbursed."

5.      As provided in the parties' settlement agreement (filing 10, at 6), and within 45 days of the date of this order, the defendants shall replenish the above-described interest-bearing account with the full amount paid by the Clerk of Court to independent expert Maria Laurence in order to restore the account's total to $100,000.00.

DATED this 14th day of December, 2011.

BY THE COURT:

s/*Richard G. Kopf*

United States District Judge